**'08 CIV 9397**

James H. Hohenstein
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
　　　　chris.nolan@hklaw.com

Attorneys for Plaintiff,
*Qingdao Ocean Shipping Company Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QINGDAO OCEAN SHIPPING COMPANY LIMITED,　　Plaintiff,　　-against-　　D.T. RESOURCE LIMITED,　　　　Defendant. | 08 Civ.　　(　　)　　**VERIFIED COMPLAINT** |

　　　Plaintiff, Qingdao Ocean Shipping Company Limited ("Qingdao") by and through its attorneys, Holland & Knight LLP, for its verified complaint against defendant, D.T. Resource Limited ("DTRL"), alleges, upon information and belief, as follows:

　　　1.　　This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At all times material herein, plaintiff Qingdao was and is a business entity organized and existing under the laws of the People's Republic of China and maintains a place of business at 61 Hongkong Middle Road, Qingdao, P.R. China, 266071.

3.      Upon information and belief, at all times material herein, defendant DTRL was and is an entity organized and existing under the laws of Hong Kong with a principal place of business at Room 4202, Far East Finance Centre, 16 Harcourt Road, Admiralty, Hong Kong.

4.      On or about December 12, 2007, Qingdao as disponent owner,[1] *inter alia*, of the M/V ACHILLES, M/V NORD ORION, and M/V PAN UNO (collectively, "Vessels") and DTRL as charterer entered into a contract of affreightment ("COA"), which was memorialized via a charter party. A true and correct copy of the contract is attached hereto as Exhibit 1.

5.      Under the terms of the COA, Qingdao contracted to provide transportation for cargoes of bulk iron ore from Venezuela to China aboard the Vessels.

6.      Under the terms of the COA, Qingdao is entitled to ninety-five percent (95%) freight payable twenty (20) days after completion of loading, payment in full thirty (30) days after completion of discharge. Similarly, payment of any demurrage, despatch, and deadfreight was due Qingdao thirty (30) days after completion of discharge.

7.      Under the terms of the COA, Qingdao nominated and DTRL accepted the nomination of the M/V ACHILLES, as memorialized in DTRL's email dated April 28, 2008. A true and correct copy of the email is attached hereto as Exhibit 2.

---

[1] A disponent owner is the person or company who controls the commercial operation of a vessel. Very often, the disponent owner is not the registered owner having title to the vessel but a party who has previously chartered the vessel from the registered owner or another charterer. Peter Brodie, DICTIONARY OF SHIPPING (4th ed. 2003). In turn, the disponent owner can then charter (lease) the vessel to another party, i.e., the charterer.

2

8.  Under the terms of the COA, Qingdao has an outstanding claim for freight and demurrage arising from the voyage of the M/V ACHILLES in the amount of $2,234,884.89, as stated in the relevant Freight Invoice. It should be noted that the C/P (charter party) date on the Freight Invoice should read 12-Dec-07. A true an correct copy of the Freight Invoice is attached hereto as Exhibit 3.

9.  Under the terms of the COA, Qingdao nominated and DTRL accepted the nomination of the M/V PAN UNO, as memorialized in DTRL's email dated June 27, 2008. A true and correct copy of the email is attached hereto as Exhibit 4.

10. Under the terms of the COA, Qingdao has an outstanding claim for freight, demurrage, and deadfreight arising from the voyage of the M/V PAN UNO in the amount of $476,438.72 as memorialized in the relevant Debit Note. It should be noted that the C/P date on Freight Invoice should read 12-Dec-07 and the bill of lading date 25-Jul-08. A true and correct copy of the Debit Note is attached hereto as Exhibit 5.

11. Under the terms of the COA, Qingdao nominated and DTRL accepted the nomination of the M/V NORD ORION, as memorialized in exchanges of e-mails between the parties on August 12, 2008 and August 13, 2008, respectively. True and correct copies of these emails are attached hereto as Exhibit 6.

12. Under the terms of the COA, Qingdao has an outstanding claim for freight earned by the voyage of the M/V NORD ORION in the amount of $6,309,016.50 as memorialized in the relevant Debit Note. A true and correct copy of the Debit Note is attached hereto as Exhibit 7.

13. Therefore, Qingdao has a claim against D.T. Resource Limited for outstanding freight, demurrage and deadfreight in the principal amount of $9,020,340.11.

14. The terms of the COA call for arbitration in London and the application of English Law. Qingdao intends to commence arbitration in London in the near future.

15. While all disputes arising out of the COA are to be arbitrated in London, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. § 8, is not and cannot be considered a waiver of the COA's arbitration clause.

16. Under English law and in London arbitration, awards under COAs regularly include costs, including a reasonable allowance for attorneys' fees.

17. Upon information and belief, it will take three (3) years to arbitrate this dispute to conclusion. Under relevant English procedure, interest is to be computed on the basis of the U.S. Prime Rate (currently 4.0%), compounded every three months, resulting in the following estimated interest and attorneys' fees and costs.

| | |
|---|---|
| Interest: | $ 1,144,004.41 |
| Attorneys' Fees: | $ 250,000.00 |
| Arbitrators' Fees: | $ 25,000.00 |
| Total Principal Claim: | $ 9,020,340.11 |
| Total Sought: | US$10,439,344.52 |

18. Defendant DTRL is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of D.T. Resource Limited with, upon information and belief, the following financial institutions: ABN Amro Bank; American Express Bank; Banco Popular; Bank of America, N.A.; Bank of China; Bank Leumi USA; The Bank of New York; Bank of Tokyo-Mitsubishi UFJ Ltd.; BNP

Paribas; Calyon Investment Bank; Citibank, N.A.; Commerzbank; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Standard Chartered Bank; Société Générale; UBS AG; Wachovia Bank, N.A.; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Great Eastern Bank; Nara Bank; United Orient Bank; Korea Exchange Bank or any other financial institution within the Southern District of New York.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. That a process with process of attachment and garnishment may issue against the defendant D.T. Resource Limited; and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of D.T. Resource Limited with the financial institutions noted above in paragraph 18, may be attached in an amount sufficient to answer plaintiff's claim;

2. That defendant D.T. Resource Limited and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Qingdao Ocean Shipping Company Limited and against D.T. Resource Limited in the amount of US$10,439,344.52 (including estimated interest, expenses, and attorneys' fees);

4. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

5.  That this Court award Qingdao its attorneys' fees and costs of this action; and,

6.  That this Court grant Qingdao Ocean Shipping Company Limited such other and further relief which it may deem just and proper.

Dated: New York, New York
       October 3⃣, 2008

                HOLLAND & KNIGHT LLP

By: _____
        James H. Hohenstein
        Christopher R. Nolan
        HOLLAND & KNIGHT LLP
        195 Broadway
        New York, NY 10007-3189
        (212) 513-3200
        Telefax: (212) 385-9010
        E-mail: jim.hohenstein@hklaw.com
                 chris.nolan@hklaw.com

Attorneys for Plaintiff,
*Qingdao Ocean Shipping Company Limited*

## VERIFICATION

STATE OF NEW YORK          )
                                                  :ss.:
COUNTY OF NEW YORK     )

JAMES H. HOHENSTEIN, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Qingdao Ocean Shipping Company Limited ("Plaintiff"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Plaintiff and corresponded with Plaintiff's representatives regarding this matter. I am authorized by Plaintiff to make this verification, and the reason for my making it as opposed to an officer or director of Plaintiff is that there are none within the jurisdiction of this Honorable Court.

_____
James H. Hohenstein

Sworn to before me this
31st Day of October, 2008

_____
Notary Public

Anthony C. Keeney
Notary Public, State of New York
NO. 01KE6181777
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires February 11, 20 12

# 5763732_v1

7